IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRAVONTE K. BUTLER, AIS # 281434, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:26-CV-714-WKW [WO] |
| LT. MITCHELL, | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Travonte K. Butler, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed this *pro se* 42 U.S.C. § 1983 action. (Doc. # 1.) Based upon the court's review of the complaint, this action will be transferred to the United States District Court for the Southern District of Alabama.

Venue for actions arising under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

When a civil action is brought in a proper but perhaps inconvenient district, a district court may *sua sponte* transfer that action to any other district where it might have

been brought if doing so would be convenient for the parties and witnesses and serve the interest of justice. 28 U.S.C. § 1404(a). Alternatively, if a civil action is brought in an improper district, a district court must dismiss or, if it is in the interest of justice, transfer that action to any district in which the action could have been brought. 28 U.S.C. § 1406(a). However, before transferring a civil action, the court should provide the parties with notice and an opportunity to be heard. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011); *see also Nalls v. Coleman Low Fed. Inst.*, 440 F. App'x 704, 706 (11th Cir. 2011) (per curiam) (referencing 28 U.S.C. § 1406(a) and finding that the Southern District of Florida's *sua sponte* review and transfer of venue to the Middle District of Florida was statutorily appropriate).

In his complaint, Plaintiff does not allege any conduct that occurred in the Middle District of Alabama or provide any reason why venue is proper in the Middle District of Alabama.[1] Instead, his allegations pertain to an incident that occurred at Holman Correctional Facility in Atmore, Alabama. Holman Correctional Facility is located in the Southern District of Alabama. Additionally, Plaintiff names only one Defendant, Lt. Mitchell of the riot team, and provides the address of Fountain Correctional Facility, also located in Atmore, Alabama, for this Defendant. There

[1] According to his complaint, Plaintiff is currently incarcerated in Easterling Correctional Facility, which is located in the Middle District of Alabama. (*See* Doc. # 1 at 2.) However, Plaintiff's whereabouts have no bearing on a proper-venue determination. *See* 28 U.S.C. § 1391(b).

are no allegations indicating that the sole Defendant resides in the Middle District of Alabama.

If the Middle District somehow is a proper venue under 28 U.S.C. § 1391(b), transfer to the Southern District would be more convenient for the parties and witnesses, as the incident at hand allegedly occurred at a correctional facility located in the Southern District, and would serve the interest of justice. *See* 28 U.S.C. § 1404(a). Alternatively, if the Middle District is not a proper venue under 28 U.S.C. § 1391, this court must either dismiss this action or transfer this action to a district in which the action could have been brought. *See* 28 U.S.C. § 1406(a). In either case, transfer to the Southern District is appropriate in the interest of justice.

This Order serves as notice to Plaintiff of this court's intention to transfer this action to the United States District Court for the Southern District of Alabama. *See Tazoe*, 631 F.3d at 1336.

Based on the foregoing, it is ORDERED that, if Plaintiff has any objection to the transfer of this action, he shall file a response to this Order indicating as such on or before **September 29, 2026**. Plaintiff is CAUTIONED that his failure to timely file a response to this Order will be construed as his acquiescence to the transfer of this action.

DONE this 15th day of September, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE